# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Angela Ann Collins, et al., | ) |
| Plaintiffs, | ) Case No. 3:10-0788 |
| v. | ) Judge Campbell |
| UNITED STATES OF AMERICA, et al. | ) Magistrate Judge Brown |
| Defendants. | ) |

## PROTECTIVE ORDER

The above-captioned parties have jointly moved for a Protective Order containing the following protective provisions concerning photographs the United States will permit Plaintiffs to take of restricted areas of the Center Hill Dam. It is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Any photographs of areas of the Center Hill Dam that are not accessible to the general public shall be subject to the terms of this Protective Order, and shall be referred to as "Protected Photographs."

2. The Plaintiffs shall permit only the following persons, who shall be referred to herein as "Authorized Representatives," to have access to Protected Photographs:

    a) the Plaintiffs' attorneys and those attorneys' staffs;

    b) a third party contracted by the Plaintiffs to enhance and/or enlarge the photographs for possible presentation at trial; and

c) such other persons if this Court so orders or if the Parties agree in writing.

3. The Plaintiffs shall ensure that each Authorized Representative who reviews or is given access to Protected Materials is aware of, reads, agrees to and signs a copy of this Protective Order. The Plaintiffs' attorneys of record shall maintain the copy of this Protective Order as signed by each Authorized Representative and shall permit the Government's attorneys of record to inspect said copy or copies upon request.

4. All Protected Photographs shall be made available to and be used by the Plaintiffs or their Authorized Representatives solely for this action and for no other purpose. The Plaintiffs and their Authorized Representatives shall treat Protected Photographs as secret and confidential. The Plaintiffs and their Authorized Representatives shall take all reasonable precautions to ensure that no person other than the Plaintiffs and their Authorized Representatives review or are given access to Protected Photographs.

5. Nothing in this Protective Order shall be construed as precluding a Party from objecting to the use of Protected Photographs on grounds other than confidentiality or be construed as relevant to the issue of whether any photograph is or is not admissible into evidence in this action. Such objections are to be governed by this Court's orders.

7. All notices, discovery responses and correspondence shall be made in a manner that protects the confidentiality of Protected Photographs as provided in this Protective Order.

8. If the Plaintiffs receive a subpoena or an administrative or court order seeking Protected Photographs, they shall provide notice to the Government's attorneys immediately and shall cooperate in efforts to maintain its interests and rights to confidentiality that is attached to such photographs.

9. No later than 30 days following conclusion of this action, the Plaintiffs and their Authorized Representatives shall either destroy all copies of Protected Photographs or return to the Government's attorneys all copies of Protected Materials, together with a verified certification that, to the best of their and their Authorized Representatives' knowledge, information, and belief, all Protected Photographs have been returned or destroyed.

Entered this the 27th day of __May, 2011.

/S/ Joe B. Brown