IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGELA ANN COLLINS, et al.      )
                                           )
v.                                        ) NO. 3-10-0788
                                         ) JUDGE CAMPBELL
UNITED STATES OF AMERICA    )


MEMORANDUM


Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 24).

For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

This action arises from a drowning incident which occurred near Cedar Hill Dam in DeKalb

County, Tennessee, on August 22, 2009.[1] On that date, Richard Sanders and his grandson, Kirkland

Sanders ("the Sanders men"), were fishing on the Caney Fork River near the Cedar Hill Dam, which

is owned and operated by the United States Army Corps of Engineers.

Plaintiffs allege that at about 9 a.m., an employee of Defendant, Phil Claywell, exited the

powerhouse in the dam and advised the Sanders men, through a bullhorn, that generation and

sluicing at the dam would begin in a few minutes. Claywell told them they had about five minutes

to move as far away as the boat ramp, where they would be safe. Plaintiffs assert that the Sanders

---

[1] Plaintiffs in this action are the mother of Kirkland Sanders, a minor, and the surviving spouse of Richard Sanders, deceased.

men made all efforts to move away from the dam and towards the dock. Plaintiffs also allege that Claywell exited the powerhouse again and observed that the men had not yet reached the boat ramp.[2]

Plaintiffs contend that, after observing the Sanders men in an unsafe location, Claywell nonetheless entered the dam and opened the sluice gate, causing the water to become very turbulent. After unsuccessfully paddling to fight the current for several minutes, the Sanders men jumped from the boat, but they were unable to grasp anything or swim to safety. Kirkland eventually was able to hold onto the boat until he was rescued. Richard, however, drowned in the incident.

Plaintiffs brought this action pursuant to this Court's federal admiralty jurisdiction. Plaintiffs allege that Defendant was negligent in relation to Kirkland and Richard Sanders on the day in question, causing pain, suffering and death.

Defendants have moved for summary judgment, arguing that this accident occurred because Kirkland and Richard Sanders failed to heed the warnings and failed to follow the verbal instructions of Claywell before the scheduled opening of the sluice gate. Defendant contends that the Sanders men stopped paddling and never reached the safe access area as instructed. Therefore, Defendant claims, Plaintiffs cannot show that Defendant breached any duty of care or that any alleged breach of duty proximately caused the accident.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary

---

[2] Defendant asserts that Claywell verbally warned the Sanders men a second time. Plaintiffs dispute this fact.

judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## DISCUSSION

In order to establish a claim for negligence against the United States, Plaintiffs must establish all the elements of a negligence claim in admiralty.[3] *Pearce v. United States*, 261 F.3d 643, 647 (6th Cir. 2001). Those elements are (1) the existence of a duty of care owed by the Defendant to the Plaintiffs; (2) the breach of that duty of care; (3) a causal connection between the offending conduct and the resulting injury, which is called "proximate cause;" and (4) actual loss, injury or damage suffered by the Plaintiffs. *Id.*; *Ginop v. A 1984 Bayline 27' Cabin Cruiser, HIN*, 242 F.Supp.2d 482,

---

[3]      General admiralty law, not state law, governs claims resulting from maritime deaths in territorial waters. *Pearce v. United States*, 261 F.3d 643, 647 (6th Cir. 2001).

485 (E.D. Mich. 2003). The general principles of admiralty law require that a defendant exercise such care as is reasonable under the circumstances. *Id*.

Defendant does not dispute that it had a duty to warn the Sanders men. Defendant contends that it satisfied that duty. The Court finds that there are genuine issues of material fact which preclude summary judgment on this issue. For example, one important question in deciding whether Defendant satisfied its duty is whether Claywell's conduct surrounding the opening of the sluice gate was reasonable. Reasonableness is a classic jury question. There are disputes as to whether Claywell gave an adequate second warning (Docket No. 28, ¶ 13) and whether Claywell gave the Sanders men adequate time to reach safety (Docket No. 28, ¶ 24; Docket No. 31, ¶ 4). There are disputes as to whether Defendant had placed adequate warning signs around the dam (Docket No. 28, ¶¶ 30-31; Docket No. 31, ¶¶ 10-11).

Defendant argues that the Sanders men ignored the warnings given. Plaintiffs dispute this assessment. For example, there is a dispute about whether the Sanders men stopped paddling and began to fish before reaching safety (Docket No. 28, ¶¶ 16 and 18; Docket No. 31, ¶ 17). There is a dispute about whether the Sanders men obeyed Claywell's instructions (Docket No. 31, ¶ 6). What instructions were given, whether those instructions were adequate, and whether the Sanders men made a reasonable effort to comply with those instructions are genuine issues of material fact.

Finally, to the extent Defendant contends that the Sanders men's own negligence was the proximate cause of their injury, that issue also presents genuine issues of material fact which preclude summary judgment. Whether this case presents a question of comparative fault is yet to be determined, but comparative fault presents genuine factual issues.

## CONCLUSION

For these reasons, the Court finds that there are genuine issues of material fact as to essential issues of Plaintiffs' claims. Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE